(No. 4331- )

ERNEST ASPHALT SALES COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1951.*

McLAUGHLIN LAW OFFICES, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Ernest Asphalt Sales Company, a corporation, had two similar contracts with the Department of Public Works and Buildings, Division of Highways, to furnish given quantities of asphalt filler materials. The price set out in the first contract a year earlier was

less than the price set out in the second contract. In submitting its billing under the second contract, claimant's personnel inadvertently used the price set out in the first contract. The claimant now seeks to be reimbursed for this clerical error.

A stipulation was entered into by the parties that the report of the Division of Highways, dated October 18, 1950, signed by Earl McK. Guy, Engineer of Claims, which has been filed in this cause under Rule 16 of the Court of Claims, shall constitute the record in this case. It is solely a stipulation of facts.

The Division of Highways issued a requisition for the purchase of 4,100 tons of crack filler asphalt (PAF-2), and 525 tons of joint filler asphalt (PAF-3) for delivery at specified points. Pursuant to this requisition, the Department of Finance issued a purchase order, dated November 14, 1947. The parties agreed on a price of $38.40 per ton on both types of asphalt. This contract was completed. On a later date the Division of Highways issued another requisition for the purchase of 2,500 tons of crack filler asphalt (PAF-2) to be delivered at specified points. Pursuant to this second requisition, the Department of Finance issued another purchase order dated December 29, 1948. The parties agreed on a price of $41.00 per ton for 2,500 tons of (PAF-2) crack filler.

Under this second purchase order, the claimant furnished 2,609.95 tons of (PAF-2) asphalt crack filler instead of 2,500 tons as set out in the requisition and purchase order. The excess of 109.95 tons was shipped at the suggestion of the Division of Highways. The billing by claimant for the 2,609.95 tons was on the basis of $38.40 a ton plus freight. Claimant was paid $102,150.33. A billing for the same quantity at the rate of $41.00 per

ton is $107,007.95. The difference between the foregoing two amounts is $4,857.62.

The appropriations, from which the amount due under the second contract was payable, lapsed as of September 30, 1949. Claimant furnished corrected invoices, but not prior to September 30, 1949, and they could not be paid in the regular course of business. Funds were available in the then existing appropriations for payment of the invoices had they been presented within the prescribed time.

Claimant furnished properly and duly authorized materials to the respondent, for which it has not received adequate payment, even though the nonpayment was caused by the clerical error of the claimant's personnel. This Court has repeatedly held that where materials or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, an award for the reasonable value of the supplies will be made, where, at the time the expenses were incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Carl S. Johnson* v. *State,* 16 C.C.R. 96; *Rock Island Sand and Gravel Co.* v. *State,* 8 C.C.R. 165; *Oak Park Hospital* v. *State,* 11 C.C.R. 219; *Yourtee-Roberts Sand Co.* v. *State,* 14 C.C.R. 124.

The Court feels that the claimant comes within the findings in the above cited causes.

An award is, therefore, entered in favor of claimant for the sum of $4,857.62.